**JOHN L. BURRIS, Esq., SBN 69888**
**BEN NISENBAUM, Esq., SBN 222173**
**PATRICK BUELNA, Esq. SBN 317043**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport St., Suite 1120
Oakland, CA 94621
Telephone:     (510) 839-5200
Facsimile:      (510) 839-3882
Email: John.Burris@johnburrislaw.com
Email: BNisenbaum@gmail.com
Email: Patrick.Buelna@johnburrislaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ORTIZ, an individual, | Case No.: 4:18-cv-01071-HSG |
| Plaintiff, | |
| v. | COMPLAINT FOR DAMAGES (42 U.S.C §§ 1983) |
| CITY AND COUNTY OF SAN FRANCISCO; and DOES 1-50, inclusive. | |
| Defendants. | JURY TRIAL DEMANDED |

## INTRODUCTION

1.    This action arises out of the excessive force yet-to-be-identified San Francisco deputies used at the San Francisco County Jail when they cornered and beat up Juan Ortiz, a frail 58-year-old military veteran, in a jail cell on June 5, 2018 at approximately 7:00 p.m.

2.    At the time, Mr. Ortiz was recently placed in a holding cell and provided a t-shirt. A deputy demanded Mr. Ortiz take off his shirt and give it to him. Mr. Ortiz complained that he

would be cold and needed his heart medication. Nevertheless, he tossed the t-shirt to the deputy's feet. The yet-to-be-identified deputy inexplicably became enraged and attacked Mr. Ortiz. The yet-to-be-identified deputy threw Mr. Ortiz to the ground and Mr. Ortiz hit his head on the concrete. Other yet-to-be-identified deputies arrived and dragged Mr. Ortiz down the hall and beat him causing severe injuries including a concussion and bleeding to his brain.

3.    As a result of the yet-to-be-identified deputies' excessive force, Mr. Ortiz suffered severe injuries including several bruises and cuts to his body, a concussion and bleeding to his brain.

## JURISDICTION

4.    This action arises under Title 42 of the United States Code, Section 1983. The unlawful acts and practices alleged herein occurred in the City and County of San Francisco, California, which is within this judicial district. Title 28 United State Code Section 1391 (b) confers venue upon this Court.

## PARTIES

5.    Plaintiff JUAN ORTIZ ("Ortiz") is a competent adult, a resident of San Francisco, CALIFORNIA, and a United States Citizen.

6.    Defendant CITY AND COUNTY OF SAN FRANCISCO ("hereinafter Defendant") is and at all times herein mentioned is a municipal entity duly organized and existing under the laws of the State of California that manages and operates the COUNTY OF SAN FRANCISCO SHERIFF'S DEPARTMENT.

7.    Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege his true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth.  Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false arrests.  Each defendant is liable for

his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiff will ask leave to amend this complaint subject to further discovery.

8.    In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment for the City and County of San Francisco.

9.    In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

10.    Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

11.    Plaintiff filed a government claim for their state causes of action which was rejected by operation of law.

## STATEMENT OF FACTS

12.    On or about June 5, 2018 at approximately 7:00 p.m., Plaintiff Juan Ortiz was being held at the San Francisco County Jail on 850 Bryant Street. Mr. Ortiz had been arrested earlier that day for a verbal dispute at a taco truck. Mr. Ortiz had recently been processed, provided clothing and assigned a cell. A yet-to-be identified San Francisco Sheriff Deputy walked past and ordered Mr. Ortiz to take off his shirt. Mr. Ortiz is a 58-year-old man and veteran of the military who takes heart medication. Mr. Ortiz complained that he would be very cold and requested his medications be provided. Instead of addressing Mr. Ortiz's health concerns, the yet-to-be identified Deputy ordered him to take off his shirt without explanation. Mr. Ortiz took off his shirt and tossed it to the deputy's feet.

13.    Inexplicably, the yet-to-be identified Deputy became enraged and attacked Mr. Ortiz. The Deputy threw Mr. Ortiz to the ground causing him to hit his head and beat him on the ground. Other yet-to-be identified deputies arrived and dragged Mr. Ortiz down the hall. The group of yet-to-be identified deputies collectively punched and kicked Mr. Ortiz several times as Mr. Ortiz cried on the ground in pain and fear.

14.     Afterward, the yet-to-be identified Deputies stripped Mr. Ortiz naked and placed him alone in a dark cell. Mr. Ortiz informed the Deputies that he was severely injured and required his heart medication. Mr. Ortiz was never brought to a hospital despite clear evidence of injuries to his face and body, nor was he given his medications.

15.     The following day, Mr. Ortiz was finally released and went directly to a hospital, where he learned that he suffered a severe concussion and possible bleeding in his brain. As a result of the yet-to-be identified Deputies' excessive force, Mr. Ortiz suffered several bruises and cuts to his body, a concussion and bleeding to his brain.

## DAMAGES

16.     As a proximate result of yet-to-be-identified Doe Defendants's conduct, Plaintiff suffered assault, battery, wrongful detention and excessive force.  As a further proximate result of Defendant Does' conduct, Plaintiff suffered extreme physical injury, emotional distress, fear, terror, anxiety, humiliation, and loss of sense of security, dignity, and pride as a United States Citizen.

17.     The conduct of the Defendant Does were malicious, wanton, and oppressive. Plaintiff is therefore entitled to and award of punitive damages against said Defendant Does.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourth Amendment – Excessive Force under 42 U.S.C. Section 1983)**
*(Against DOES 1-25)*

18.     Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

19.     When the yet-to-be-identified deputies attacked and beat Plaintiff Ortiz without reason, justification or threat, the deputies used unreasonable force depriving Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution. Moreover, Plaintiff Ortiz was complying with Defendant Deputies' orders at the time and none of his behavior warranted violence or force.  Mr. Ortiz did not pose any threat or use any force against the yet-

to-be-identified Deputies. The yet-to-be-identified Deputies did not have a lawful basis to use force against Plaintiff, which violated their training and Plaintiff's constitutional rights under the Fourth Amendment.

20.     As a result of his misconduct, the yet-to-be-identified deputies are liable for Plaintiff's injuries.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(Municipal Liability for Unconstitutional Custom or Policy (Monell)–42 U.S.C. section 1983)**
*(Against Defendant CITY AND COUNTY OF SAN FRANCISCO and DOES 26-50)*

21.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1-26 of this complaint.

22.     Plaintiff is informed and believes and thereon alleges that high ranking CITY AND COUNTY OF SAN FRANCISCO officials, including Defendants, and DOES 26-50, and/or each of them, knew and/or reasonably should have known about acts of misconduct by Defendants, and DOES 1-25, and/or each of them.

23.     Mr. Ortiz is a frail, small 58-year-old military veteran that merely expressed health concern to a yet-to-be-identified Deputies. Yet-to-be-identified Deputies attacked Mr. Ortiz, beat him unconscious, stripped him naked and denied him medical services. Deputies, presumably, did this all while being recoded and have received no discipline and/or re-training as a result. The brazen and jointly conduced acts of these deputies indicate that they have a history of performing these excessive force acts. Furthermore, this incident is only the latest in a collection and trend of excessive force incidents committed by SF sheriff deputies who are not facing any punishment as a result of their dangerous and unjustifiable actions. For example,

a.  In 2015, it came to light that San Francisco County Sheriff Deputies were forcing inmates to fight each other in jail for the amusement of deputies under threats from the

deputies to either be beaten up, tased or denied food.[1]

b. In 2014, SF Deputy Michael Lewelling beat and choked a disabled hospital patient, which was caught on a security camera. [2]

c. In 2018, inmates filed a lawsuit against the SF Sheriff Deputies at 850 Bryant because they were being exposed to human waste and despicable, inhumane conditions.[3]

d. In 2010, SF Sheriff Deputies essentially crush to death a man who was already in handcuffs in the jail. USDC – Northern District Case No: 3:11-cv-02162-LB

e. Presently, the California Department of Justice will evaluate and publicly report on how the SFPD is applying the 272 recommendations made by the DOJ under the Obama administration's Collaborative Reform Initiative.[4]

24.     Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendants, and DOES 25-50, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers. This is confirmed by the fact that despite heavy and intense scrutiny into SFSD jail after being caught running a "fight club" pitting inmate versus inmate the SFSD deputies involved in the incident still feel comfortable beating defenseless inmates.

---

[1] "San Francisco jail inmates allegedly forced into 'gladiator-style' fights" https://www.theguardian.com/us-news/2015/mar/27/san-francisco-prison-guards-forced-inmates-game-of-thrones-style-fights

[2] "Video shows deputy sheriff attack patient at SF General" https://abc7news.com/news/exclusive-video-shows-deputy-sheriff-attack-patient-at-sf-general/1149274/

[3] "Suit Against San Francisco Claims Inmates Were Exposed To Human Waste" https://sanfrancisco.cbslocal.com/2018/07/30/suit-against-san-francisco-claims-inmates-were-exposed-to-human-waste/

[4] State Stepping In to Oversee San Francisco's Police Reforms https://ww2.kqed.org/news/2018/02/05/state-stepping-in-to-oversee-san-franciscos-police-reforms/

25.     Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants, and DOES 1-50, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of Plaintiff's rights as alleged herein.

26.     As against Defendant CITY AND COUNTY OF SAN FRANCISCO, Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY AND COUNTY OF SAN FRANCISCO, Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the COUNTY OF SAN FRANCISCO SHERIFF DEPARTMENT tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

27.     Plaintiff is informed and believes and thereon alleges that the acts and omissions alleged herein are the direct and proximate result of the deliberate indifference of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY AND COUNTY OF SAN FRANCISCO, and each of them, to repeated acts of misconduct, which were tacitly authorized, encouraged or condoned by the Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY AND COUNTY OF SAN FRANCISCO, and each of them.

28.     The injuries and damages to Plaintiff as alleged herein were the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY AND COUNTY OF SAN FRANCISCO, and each of them.

29.     Plaintiff is informed and believes and thereon alleges that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY AND COUNTY OF SAN FRANCISCO.

30.     Plaintiff is further informed and believes and upon such information and belief alleges that Plaintiff's damages and injuries were caused by customs, policies, patterns or

practices of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY AND COUNTY OF SAN FRANCISCO, and each of them, of deliberate indifference in the training, supervision and/or discipline of Defendants, and DOES 1-50, and/or each of them.

31.     The aforementioned customs, policies or practices of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY AND COUNTY OF SAN FRANCISCO, and each of them, resulted in the deprivation of Plaintiff's constitutional rights.

39.     The aforementioned acts and/or omissions and/or deliberate indifference by high ranking CITY AND COUNTY OF SAN FRANCISCO officials, including high ranking SAN FRANCISCO SHERIFF DEPARTMENT supervisors, Defendants, and DOES 1-50, and each of them, and the aforementioned customs, policies or practices of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY AND COUNTY OF SAN FRANCISCO resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

a.     The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

b.     The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution;

c.     The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution.

32.     Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### (Battery – Violation of CALIFORNIA PENAL CODE § 242)
*(Against Defendant Paul and DOES 1-25)*

33.     Plaintiff re-alleges and incorporates by reference each and every paragraph of this complaint.

34.     Yet-to-be-identified DOE deputies, while working as deputies for the COUNTY OF SAN FRANCISCO, and acting within the course an scope of their duties, intentionally beat

Plaintiff Ortiz without a lawful basis.

35.     As a result of the actions of these the yet-to-be-identified Deputies, Plaintiff suffered physical injuries. Defendant yet-to-be-identified Deputies did not have legal justification for using force against Plaintiff, and Defendant's use of force while carrying out their deputy duties was an unreasonable use of force.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(Negligence)**
*(Plaintiff against Defendants and DOES 1-25)*

36.     Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

37.     At all times, Defendants owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

38.     At all times, Defendants owed Plaintiff the duty to act with reasonable care.

39.     These general duties of reasonable care and due care owed to Plaintiff by Defendants include but are not limited to the following specific obligations:

      a.     to refrain from using excessive and/or unreasonable force against Plaintiff;

      b.     to refrain from unreasonably creating the situation where force, including but not limited to excessive force, is used;

      c.     to refrain from abusing their authority granted them by law;

      d.     to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

40.     Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

41.     Defendant CITY AND COUNTY OF SAN FRANCISCO  is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

42.     As a direct and proximate result of Defendant's negligence, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above.

**FIFTH CAUSE OF ACTION**
**(Violation of the Bane Act (Cal. Civ. Code § 52.1))**
*(Plaintiff against Defendants and Does 1-50)*

43.     Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

44.     Plaintiff brings this "Bane Act" claim individually for direct violation of his own rights.

45.     By their conduct described herein, Defendant Paul and Does 1-50, acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

a.   Plaintiff's right to be free from unreasonable searches and seizures as secured by the Fourth Amendment to the United States Constitution and by Article I, § 13 of the California Constitution;

b.   Plaintiff's right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution;

46.     Excessive force which violates the Fourth Amendment, also violates the Bane Act.[5]  Defendants' use of unlawful force against Plaintiff J.M., in and of itself, satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.

---

[5] *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. May 19, 2014) (citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013)).

47.    Further, any volitional violation of rights done with reckless disregard for those rights also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.[6]  All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiff's rights; none was accidental or merely negligent.

48.    Alternatively, Defendants violated Plaintiff's rights by the following conduct constituting threat, intimidation, or coercion that was above and beyond any lawful seizure or use of force:

a.    Threatening Plaintiff in the absence of any threat presented by Plaintiff or any justification whatsoever;

b.    Using deliberately reckless and provocative tactics to beat Plaintiff in violation of generally accepted law enforcement training and standards, and in violation of Plaintiff's rights;

c.    Defendant yet-to-be-identified Deputies. beating Plaintiff in the absence of any threat or need for such force;

d.    Threatening violence against Plaintiff., with the apparent ability to carry out such threats, in violation of Civ. Code § 52.1(j);

e.    Using excessive, unreasonable and unjustified force against Plaintiff J.M. while he attempted to comply with the officers;

f.    Failing to intervene to stop, prevent, or report the unlawful seizure and use of excessive and unreasonable force by other officers;

g.    Violating multiple rights of Plaintiff;

49.    Defendant CITY AND COUNTY OF SAN FRANCISCO is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

---

[6] *Cornell v. City and County of San Francisco*, 17 Cal.App.5th 766, 801-02 (2017) (*review denied*).

50.     As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages, and against all Defendants and is entitled to relief as set forth above, including punitive damages against Defendant Deputy Does 1-50, and including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys fees, treble damages, and civil penalties.

## SIXTH CAUSE OF ACTION

**(Violation of the Fourteenth Amendment)**
*(Plaintiff against Defendants and Does 1-50)*

51.     Plaintiff re-alleges and incorporates by reference each and every paragraph of this Complaint.

52.     By the actions and omissions described above, Defendants violated 42 U.S.C. § 1983, depriving Plaintiff of the following clearly established and well-settled constitutional rights protected by the Fourteenth Amendments to the United States Constitution:

a.     The right to be free from deliberate indifference to Decedent's serious medical needs while in custody as secured by the Fourteenth Amendment.

53.     Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein with reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions. Plaintiff made repeated efforts to request medical aid after suffering severe injuries caused by Defendants as well as indicating he required heart medication which he was denied.

54.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth herein.

55.     The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California Code of Civil Procedure §§ 377.20 et seq., and other state and federal law.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

56.     Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1.     For general damages in a sum to be proven at trial;

2.     For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3.     For punitive damages against Does 1-50 in a sum according to proof;

4.     Declaratory and injunctive relief, including but not limited to the following:

i.     An order requiring Defendant CITY AND COUNTY OF SAN FRANCISCO to institute and enforce appropriate and lawful policies and procedures for operating body cameras including not covering body cameras up;

ii.     An order requiring Defendant CITY AND COUNTY OF SAN FRANCISCO to institute and enforce appropriate and lawful policies and procedures for providing medical assistance to detainees;

iii.     an order prohibiting Defendant CITY AND COUNTY OF SAN FRANCISCO from engaging in the unconstitutional customs, policies, practices, procedures, training and supervision as may be determined and/or adjudged by this case;

iv.     an order requiring Defendant CITY AND COUNTY OF SAN FRANCISCO to institute and enforce appropriate and lawful policies and procedures for holding detainees;

   v. an order prohibiting Defendant CITY AND COUNTY OF SAN FRANCISCO and their police officers from engaging in the "code of silence" as may be supported by the evidence in this case;

   vi. an order requiring Defendant CITY AND COUNTY OF SAN FRANCISCO train all law enforcement officers concerning generally accepted and proper tactics and procedures and this Court's orders concerning the issues raised in injunctive relief requests ii-v, above

5. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988; Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

Dated:  December 26, 2018    **Law Offices of John L. Burris**

        **___/s/  Patrick Buelna**
        Patrick Buelna
        Attorney for Plaintiff